IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

PERRY FARRIS, #202 577             *

    Petitioner,                              *

    v.                                              *      3:10-CV-270-ID
                                                              (WO)
WARDEN LEON FORNISS, *et al.*,    *

    Respondents.                          *

_____

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner, Perry Farris, on March 24, 2010. In this petition, Petitioner challenges his convictions, pursuant to his plea of guilty, for one count of murder and two counts of attempted murder, entered against him by the Circuit Court for Macon County, Alabama, on October 6, 1998. On December 15, 1998 the trial court sentenced Petitioner to a total term of 28 years imprisonment. Petitioner did not appeal his convictions and sentence. (*Doc. No. 9, Exh. A*.) By operation of law, Petitioner's convictions became final on January 26, 1999.

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Respondents contend that because Petitioner's conviction became final in 1999- **after** the effective date of the statute of

---

[1] Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). This Act became effective on April 24, 1996.

limitations -- he must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Although Petitioner filed a state post-conviction petition challenging his murder and attempted murder convictions on April 22, 2009, this action had no effect on the limitation period as this collateral challenge was filed after the federal limitation period had already expired. (*Doc. No. 9, Exh. B*.)

Upon review of the pleadings filed in this case and the law of this Circuit, it appears that Petitioner's § 2254 petition is precluded from review by this court as it was filed outside the applicable period of limitation.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires. On October 6, 1998 Petitioner was convicted of one count of murder and two counts of attempted murder in the Circuit Court for Macon County, Alabama. The trial court sentenced Petitioner on December 15, 1998 to a total term of 28 years imprisonment. The trial court ordered the sentences to run concurrently. Petitioner did not file a direct appeal of his conviction or sentence. (*Doc. No. 9, Exh. A*.) Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions. By operation of law, Petitioner's conviction became final on January 26, 1999 -- forty-two days after imposition of sentence as this is the date on which his time to seek direct review expired. *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*. The applicable limitation period therefore began to run on January 27, 1999 and

ran uninterrupted until its expiration.  In light of the foregoing, the time allowed Petitioner for the filing of a federal habeas petition expired on January 27, 2000.

Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired prior to Petitioner filing the instant § 2254 petition.  In light of the foregoing, it is

ORDERED that on or before May 12, 2010 Petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

Done, this 21st day of April 2010.

    /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE