IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

_____

PERRY FARRIS, #202 577                *

    Petitioner,                            *

    v.                                          *         3:10-CV-270-ID
                                                          (WO)
WARDEN LEON FORNISS, *et al.*,        *

    Respondents.                          *

_____

**ORDER ON MOTION**

Before the court is Petitioner's pleading captioned *Motion to Amend Habeas Petition and Motion for Evidentiary Hearing*. With regard to the request to amend his petition, Petitioner seeks to amend his petition with the "five day rule," and quotes from *Yong v. Immigration and Naturalization Service,* 208 F.3d 1116 (9th Cir. 2000), that "[s]pecial solicitude is required because the writ is intended to be a swift and imperative remedy in all cases of illegal restraint or confinement."[1] (internal quotations and citation omitted). Upon consideration of the motion, considered a motion to expedite ruling, and for good cause, it is

ORDERED that the motion (*Doc. No. 12*) be DENIED. While the court is mindful that the requisite pleadings were filed as of April 28, 2010, the court finds that Petitioner has

---

[1] In *Yong*, the petitioner challenged his detention by the former Immigration and Naturalization Service. The Ninth Circuit reversed an order issued by the Eastern District of California staying the habeas action filed pursuant to 28 U.S.C. § 2241. The appellate court found that the district court abused its discretion in staying the petition because the term of the stay was indefinite. *Id*. 208 F.3d at 1119.

failed to show good cause to expedite a ruling on his petition for habeas relief. He has not demonstrated that reviewing this matter in the court's normal course would be prejudicial to his interest or constitute undue delay in light of the court's caseload which includes but is not limited to matters filed pursuant to 28 U.S.C. § 2254. The volume of the undersigned's pending civil actions makes it extremely difficult to expedite the resolution of Petitioner's petition, particularly since the court has adopted a policy of disposing of cases on the basis of the length of pendency. The court assures the parties that a determination of the issues presented in this case will be undertaken in due course as the court's schedule permits with respect to addressing all pending matters before it.

It is further

ORDERED that Petitioner's motion for evidentiary ruling (*Doc. No. 12*) be DENIED at this time. The motion may be reconsidered if warranted by further developments.

Done, this 15th day of June 2011.

   /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE