IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

PERRY FARRIS, #202 577,          )
                                 )
        Petitioner,              )
                                 )
v.                               ) CIVIL ACTION NO.: 3:10-CV-270-MEF
                                 )               [WO]
WARDEN LEON FORNISS, *et al.*,   )
                                 )
        Respondents.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief

filed by Petitioner, Perry Farris, on March 24, 2010.[1]   In this petition, Petitioner challenges

his  convictions, pursuant to his plea of guilty, on one count of murder and two counts of

attempted murder, entered against him by the Circuit Court for Macon County, Alabama, on

October 6, 1998.   On December 15, 1998 the trial court sentenced Petitioner to a total term

of 28 years imprisonment.   Petitioner did not appeal his convictions and sentence.  (*Doc. No.*

*9, Exh. A.*) By operation of law, Petitioner's convictions became final on January 26, 1999.

_____

[1]Although the Clerk stamped the present petition "filed"  on March 26, 201005, a notary public
notarized Petitioner's  *in forma pauperis* affidavit, which he  submitted along with his habeas petition and
brief in support thereof, on March 24, 2010.  Thus, it is clear that Petitioner had all these documents within
his possession at such time and, therefore, could not have  submitted them to prison officials for mailing prior
to March 24, 2010.  The law is well settled that a pro se inmate's petition is deemed filed the date it is
delivered to prison officials for mailing.  *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United
States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).  In
light of the foregoing and for purposes of the proceedings herein, the court considers March 24, 2010 as the
date of filing.

In his habeas application, Petitioner challenges the validity of his indictment. Specifically, Petitioner alleges that his indictment: 1) failed to state an offense: 2) failed to apprise him with reasonable certainty of the nature of the accusation against him because the language used was ambiguous, non-specific, and confusing; 3) failed to state the elements of the offense with which he was charged; and 4) was duplicitous. (*Doc. No. 1, 3*.)

Pursuant to the orders of this court, Respondents filed an answer in which they argue that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[2] Respondents contend that because Petitioner's convictions became final in 1999- **after** the effective date of the statute of limitations -- he must have filed his § 2254 petition within a year of his convictions becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts. Although Petitioner filed a state post-conviction petition challenging his murder and attempted murder convictions on April 22, 2009, this action had no effect on the limitation period as this collateral challenge was filed after the federal limitation period had already expired. (*Doc. No. 9, Exh. B.*) *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

_____

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

Based on Respondents' answer, the court entered an order advising Petitioner that he had failed to file his federal habeas petition within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). (*Doc. No. 10*.)  The order also gave Petitioner an opportunity to show cause why his petition should not be barred from review by this court. (*Id*.)  Petitioner filed a response.  (*Doc. No. 11*.)  Upon review of the pleadings filed by the parties and applicable federal law, the court concludes that Petitioner's § 2254 petition for writ of habeas corpus relief is due to be denied as it was not filed within the requisite one-year period of limitations.

## I.  DISCUSSION

### A.  The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 was signed into law on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254.  This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws

3

of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expired.   On October 6, 1998 Petitioner was convicted of one count of murder and two counts of attempted murder in the Circuit Court for Macon County, Alabama.  The trial court sentenced Petitioner on December 15, 1998 to a total term of 28 years imprisonment. The trial court ordered the sentences to run concurrently. Petitioner did not file a direct appeal of his convictions or sentence. (*Doc. No. 9, Exh. A*.) Since Petitioner failed to undertake the direct appeal process, he could not petition the United States Supreme Court for review of his convictions.  By operation of law, Petitioner's convictions became final on January 26, 1999 -- forty-two days after imposition of sentence as this is the date on

which his time to seek direct review expired.  *See* Rule 4(b)(1), *Alabama Rules of Appellate Procedure*.  The applicable limitation period therefore began to run on January 27, 1999 and ran uninterrupted until its expiration.  In light of the foregoing, the time allowed Petitioner for the filing of a federal habeas petition expired on January 27, 2000.

### i.  *Statutory Tolling*

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."   Although Petitioner filed a Rule 32 petition on April 22, 2009, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[3]  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster,* 199 F.3d at 1259; *Tinker*, 255 F.3d at 1333-1335 n.4.  It is, therefore, clear that the state post-conviction petition filed by Petitioner on April 22, 2009 had no affect on the running of the limitation period  applicable

---

[3]Petitioner's April 22, 2009 petition was filed more than nine (9) years after § 2244(d)'s one-year period of limitation had expired.

to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.

### ii. Equitable Tolling of the Limitation Period

The Supreme Court has determined that the one-year limitation period is subject to equitable tolling when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida,* 560 U.S. ___,____,130 S.Ct. 2549, 2562 (2010) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). The diligence required is reasonable diligence, not "maximum feasible diligence", *see Holland*, 130 S.Ct. at 2565, and the extraordinary circumstance prong requires a causal connection between the circumstance and the late filing. *San Martin v. McNeil,* 633 F.3d 1257, 1267 (11th Cir. 2011).  "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time."  *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary

circumstances.  *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616, 618-619 (3rd Cir. 1998) ("[E]quitable tolling is proper only when the 'principles of equity would make [the] rigid application [of a limitation period] unfair.' . . . Generally, this will occur when the petitioner has 'in some extraordinary way . . . been prevented from asserting his or her rights.' . . . The petitioner must show that he or she 'exercised reasonable diligence in investigating and bringing [the] claims.' . . . Mere excusable neglect is not sufficient."); *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002).  "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001).

Petitioner argues his petition is subject to equitable tolling of the limitation period because he  presents a jurisdictional issue which is not governed by the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1).  He  argues  that an indictment's failure to charge an offense is a jurisdictional defect which may be raised at any time and is not waived by a guilty plea.  (*Doc. No. 11*.)  Whether or not Petitioner has  asserted a valid challenge to the state court's jurisdiction, neither the limitations statute *nor federal case law* makes an exception for alleged jurisdictional issues arising under *state law*. *See Johnson v. Jones,* 2006 WL 2092601, *2 (M.D. Ala. 2006).

7

### B. Expiration of the Limitation Period

Based on the foregoing, the court concludes that there is no credible basis for either equitable or statutory tolling of the limitation period until Petitioner filed this cause of action. The record is devoid of evidence that Petitioner's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. The reasons set forth by Petitioner for his untimeliness are insufficient to establish the extraordinary circumstances required to warrant equitable tolling of the limitation period. He has likewise presented nothing which demonstrates that he acted diligently in pursuing his federal claims. Thus, this court "cannot say that [Petitioner] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Petitioner's habeas petition is due to be dismissed as untimely.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The petition for habeas corpus relief filed by Petitioner Perry Farris be DENIED as Petitioner failed to file the petition within the one-year period of limitation set forth in 28

U.S.C. § 2244(d)(1); and

 2.  The petition be DISMISSED with prejudice.

 It is further

ORDERED that on or before **April 19, 2012** the parties may file an objection to the Recommendation.  Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th  Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 2rd day of April  2012.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE